UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

        **Applicant,**

vs.         Case No. 8:05-CV-2205-T-27TGW

**MICHAEL J. MARKOWSKI and JOSEPH RICCIO,**

        **Respondents.**
_____/

## ORDER

This is a summary proceeding filed by the Security and Exchange Commission ("SEC") pursuant to Section 21(e)(1) of the Security Exchange Act of 1934, 15 U.S.C. § 78u(e)(1). (Dkt. 2). In its Application, the SEC seeks an order enforcing a September 7, 2000 final SEC order against Michael J. Markowski and Joseph F. Riccio which sustained a disciplinary sanction imposed against them by the National Association of Securities Dealers ("NASD"). The fines and costs imposed totaled $303,961.88 against Markowski and $253,961.88 against Riccio. This Court has jurisdiction pursuant to 15 U.S.C. § 78u(e).

Section 21(e)(1) of the Exchange Act authorizes the use of summary proceedings to enforce SEC orders in the district courts. *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003); *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003). After review of the record and consideration of the arguments of the parties, this Court finds and concludes that the September 7, 2000 SEC order should be enforced and the Respondents compelled to comply with the terms thereof in all respects.

The procedural history of this case is relatively straightforward. The Respondents were members of the NASD. As a result of a NASD Market Surveillance Committee disciplinary action, the NASD Market Surveillance Committee censured Respondents and assessed $4 million in fines. The Respondents appealed to the NASD. Relevant to this action, the NASD reduced the fines against Markowski and Riccio to $300,000 and $ 250,000, respectively. Both Respondents were censured and barred from associating with any NASD member. *In the Matter of Market Reg. Comm. v. Markowski and Riccio*, 1998 WL 1084564 (NASDR July 13, 1998).

The Respondents appealed the NASD's decision to the SEC. On September 7, 2000, the SEC affirmed the sanctions imposed by the NASD. *In the Matter of Markowski and Riccio*, AP 3-9671, 73 SEC Docket 471, 2000 WL 1264292 (S.E.C. Sept. 7, 2000). The Respondents' motion for reconsideration was denied. *In the Matter of Markowski and Riccio*, AP 3-9671, 73 SEC Docket 1520, 2000 WL 1656276 (S.E.C. Nov. 1, 2000). The SEC order was affirmed by the Circuit Court of Appeals for the District of Columbia. *Markowski v. SEC*, 274 F.3d 525 (D.C. Cir. 2001). Rehearing was denied and the United States Supreme Court denied certiorari review. *Markowski v. SEC*, 537 US. 819 (2002)(mem.).

Neither Respondent has paid the fines and costs imposed by the NASD and affirmed by the SEC. The SEC filed this action seeking an order compelling the Respondents to comply with the SEC order and pay the fines and costs imposed and affirmed.

Pursuant to Section 21(e)(1), the SEC is authorized to file an action such as the instant one, seeking to enforce a NASD sanction. *SEC v. Vittor,* 323 F.3d 930, 935 (11th Cir. 2003). While the

Respondents acknowledge the holding in *Vittor,* they nonetheless argue that *Vittor* "does not dictate the result in this case," as they have raised certain defenses which were not raised in *Vittor*. (Dkt. 9, p. 4). These arguments are unconvincing.

The Respondents' arguments that they have "effectively complied" with the NASD decision by accepting suspension from the NASD rather than paying the fines is without merit. First, Respondents cite no authority for this somewhat novel proposition. Moreover, as the SEC correctly points out, the issue is whether the Respondents have complied with the SEC order, which the SEC seeks to have enforced. Likewise, the Respondents' contention that they have been punished for exercising their right to appeal the NASD decision and thereby denied due process is without merit.

These Respondents were charged with knowledge of the enforcement provisions set forth in the Exchange Act. Indeed, they acknowledge in their pleadings that the SEC has the authority to affirm a sanction imposed by the NASD, reduce it, or remand a NASD decision. (Dkt. 9, p. 9). The plain language of Section 21(e)(1) provides that the SEC may enforce its orders through the district courts. *Vittor*, 323 F.3d at 935. That the SEC determined in March 2000, while Respondents' appeal was pending, that it would actively seek enforcement of NASD orders in the district courts pursuant to Section 21(e) is of no moment, given the plain language of that section. To the extent Respondents argue that they were placed in a worse position by appealing to the SEC because they did not know, or did not believe that the SEC would pursue enforcement, that argument does not support a due process violation, as Respondents had notice of the SEC's statutory enforcement authority, notwithstanding that it had not been exercised. Respondents are not being penalized for exercising their right to have the NASD decision reviewed by the SEC. They are merely being held to account

3

for the fines and costs ordered to be paid. That the SEC now seeks to enforce that order is not a violation of any substantive or procedural due process rights of these Respondents.

This Court agrees with the SEC that there is no statute of limitations bar to this action. As to Respondents' argument that Florida's four year statute of limitations on contract actions bars this action, that contention is without merit. Fla. Stat. § 95.11(3)(k). This action is not an action on a contract. This action is brought under the federal securities laws. The SEC seeks to enforce its September 7, 2000 order, not any agreement between these Respondents and the NASD. Florida's four year statute of limitations on an action on a contract is therefore inapplicable.

Moreover, to the extent Respondents contend that 28 U.S.C. § 2462 bars this action, assuming that the five year limitation period under § 2462 applies, this action was filed on September 2, 2005, less than five years after the SEC order of September 7, 2000 was rendered.[1] Respondents' contention that "for purposes of section 2462, this claim arose on July 13, 1998" is unpersuasive.

Finally, Respondents' remaining argument that Section 21(f) limits the SEC's authority to enforce its orders is unpersuasive, as that argument was rejected in *Vittor,* 323 F.3d at 935. *See also SEC v. Mohn*, 465 F.3d 647, 653-54 (6th Cir. 2006). Accordingly, it is

**ORDERED AND ADJUDGED** that the Application of the Securities and Exchange Commission Under Section 21(e)(1) of the Exchange Act for an Order Directing Compliance With

---

[1] There is authority for the SEC's argument that § 2462 does not apply because Respondents' liability for the administratively imposed fines has been litigated to conclusion. *United States Department of Labor v. Old Ben Coal Co.*, 676 F.2d 259, 260-61 (7th Cir. 1982). As Respondents point out, that decision has been criticized. *See United States v. Core Laboratories*, 759 F.2d 480, 482-83 (5th Cir. 1985). Nonetheless, *Pinchas* and *Mohn* support a finding that § 2462 does not bar this action. *SEC v. Mohn*, 465 F.3d 647, 653-54 (6th Cir. 2006); *SEC v. Pinchas*, 421 F. Supp. 2d 781, 783-84 (S.D.N.Y. 2006).

4

a Commission Order (Dkt. 2) is GRANTED. Respondent Michael J. Markowski is directed to comply with the SEC order and pay the National Association of Securities Dealers the $ 303,961.88 in fines and costs assessed against him. Respondent Joseph F. Riccio is directed to comply with the SEC order and pay the National Association of Securities Dealers the $ 253,961.88 in fines and costs assessed against him. Each respondent is directed to pay prejudgment interest on the amounts owed from September 7, 2000 until full payment is made, at the interest rate set forth pursuant to 28 U.S.C. § 1961.

This Court reserves jurisdiction to enforce this order. The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this 31st day of August, 2007.

/s/James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record